## HOOKS v. HOOKS et al.
### No. 8369.

Court of Civil Appeals of Texas. San Antonio.
March 5, 1930.

Rehearing Denied March 26, 1930.

J. F. Carl, of Edinburg, and Loomis & Kirkland, of El Paso, for plaintiff in error.

Coe & Briggs, of Kountze, and Seabury, George & Taylor, of Brownsville, for defendants in error.

COBBS, J.

Plaintiff in error sued defendants in error, alleging among other things that being anxious to purchase 200 shares of the capital stock of Benton Lumber Company, located in Hardin county, Tex., he entered into and made an agreement with his father, T. J. Hooks, now deceased, who loaned him $5,000 to buy said stock. Plaintiff in error alleged that he did buy the stock, and under said arrangement and agreement, the said T. J. Hooks was to hold said stock as collateral security for the payment of said $5,000 loaned to plaintiff in error to buy the same.

He further alleged that thereafter the said Benton Lumber Company was consolidated with the Village Mills Company, and formed into a new corporation known as Nona-Fletcher Lumber Company, and that the stock held by the said T. J. Hooks in the Benton Lumber Company, as collateral security for the payment of said $5,000, was by agreement between the said T. J. Hooks and plaintiff in error surrendered, and certificate No. 144, in the Nona-Fletcher Lumber Company, calling for 1,104 shares of the capital stock of said Nona-Fletcher Lumber Company, was accepted in lieu of the stock in the Benton Lumber Company, and that the par value of said stock in the Nona-Fletcher Lumber Company was $10 per share; that it was the agreement and understanding between the said T. J. Hooks, new deceased, and the plaintiff in error, that said stock certificate should be issued in the name of said T. J. Hooks and held by him as collateral security for the payment of said sum of $5,000 which plaintiff in error owed to the said T. J. Hooks. The stock so issued in the name of T. J. Hooks was placed in the hands of J. B. Hooks for the purpose of carrying out the agreement.

As an evidence of the purpose of the transaction, T. J. Hooks made and executed a written statement which he delivered to plaintiff, as follows: "P. S. I am letting him have five thousand dollars ($5,000.00) at 8% on which he is to pay me 8% interest until paid. He is interesting himself with J. B. Hooks in a saw mill at Nona, Texas, in Hardin County. He will have the stock in the mill made to me for the security of the money I loaned him. And after he pays me the borrowed money and interest he is to have the stock returned to him with all profits accrued. It is his.
"T. J. Hooks."

T. J. Hooks subsequently died, leaving a last will and testament, which was duly probated, in which, among other things, he said:

"As to my own children my loful heirs after my wife is well provided for it is my will that each one of my heirs shall share equal part of my estate without deducting any part of there endebtedness to me as shown on my Book several of them has had misfortions and has lost a grate deal of my estate by loanding the money and paying there debts for them I feel it will not be doing justice to my unforteate children to FORCE THEM To those debts that was unavoidable my children is all the same to me I have no favorates, my love for them is all the same, this Jan. 1st, 1922.
"T. J. Hooks."

Defendants fully pleaded to this case and set up the plea of the want of necessary parties, in this, that Mrs. T. J. Hooks, the surviving widow of T. J. Hooks, had a one-half interest in said stock in said corporation, and one-half interest in said stock became the estate of the heirs of the said T. J. Hooks, deceased, and under the control of R. R. Hooks and T. B. Waite, administrators of the estate of T. J. Hooks, deceased. That by reason of the fact that half of the stock in said corporation is the property of Mrs. T. J. Hooks, the mother of plaintiff herein, she is a necessary party to this suit in which plaintiff seeks to litigate the title to all of the stock involved in this suit.

We think the plea was good. Being the surviving widow, Mrs. T. J. Hooks had a community interest in her deceased husband's estate. But beyond that she was protected by the very provisions of the will under which plaintiff claims his rights.

It is not an outright release to the children freeing them from the payment of their obligations to the estate, but it is conditionally provided therein for the heirs "after my

wife is well provided for" to share "equal part of my estate without deducting any part of there endebtedness to me."

There is no allegation or proof as to whether or not Mrs. T. J. Hooks was well "provided for." This is a matter that depends upon allegations and proof, and they are not in this record.

The judgment of the trial court is: "It is, therefore, ordered, adjudged and decreed that the plea in abatement of the defendants R. R. Hooks and T. B. Waite be, and the same is, hereby sustained, and the plaintiff having refused to amend for the purpose of making Mrs. T. J. Hooks a party defendant, said cause is hereby dismissed at cost of plaintiff, T. B. Hooks, without prejudice, for all of which let execution issue."

For the reasons stated, the judgment of the trial court is affirmed.